IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DUSTIN HOWE, LUCAS SCHUTT, and on Behalf of Themselves and All Others Similarly Situated, | ) | Class & Collective Action |
| Plaintiffs, | ) | |
| vs. | ) | CAUSE NO. 1:26-cv-777 |
| HEARTLAND AMBULANCE SERVICE, LLC, | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DAMAGES**

This is a Class and Collective Action brought on behalf of all former and current ambulance personnel of Defendants ("the Class" and the Collective Class") against Defendant, Heartland Ambulance Service, LLC.

## I. Parties

1. Each member of the Class and Collective Class is or was an who employee of Defendant who worked in an ambulance at all times relevant to this action.

2. Plaintiff, Mr. Howe, is a resident of Richmond, Indiana.

3. Plaintiff, Mr. Lucas, is a resident of Indiana.

4. Defendant is a limited liability company that is headquartered in Muncie, Indiana.

## II. Jurisdiction and Venue

5. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claim arises under the laws of the United States. Specifically, Plaintiffs and

the Collective bring this action to enforce their rights under the FLSA, as allowed by 29 U.S.C. §216.

6. This court has jurisdiction to hear these state claims pursuant to the court's supplement jurisdiction under 28 U.S.C. §1367.

7. Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue of Plaintiffs' residences and Defendant doing business in this District.

## III. Class and Collective Action Allegations

8. Plaintiffs bring this case as a collective action pursuant to 29 U.S.C. §216(b) on behalf of a class consisting of all similarly situated persons who are or were employed as ambulance personnel of Defendant ("the Collective Class").

9. Mr. Lucas brings this case as a class action pursuant to Rule 23(a) and Rule 23(b)(3) on behalf of a class consisting of all similarly situated persons who are or were employed as ambulance personnel of Defendant ("the Class").

10. The members of the Class and Collective were paid on an hourly basis.

11. The members of the Collective Action routinely worked forty (40) or more hours in one workweek.

12. The members of the Class and Collective had lunch time deducted from their work hours despite Defendant knowing that the members of the Class and Collective were working during their lunch time period.

13. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class or collective action. The names, addresses, and relevant documentation of members of the Class and

Collective should be in the business records of Defendant. Notice may be provided to members of the Class and Collective or their personal representatives via first class mail and/or e-mail using techniques and a form of notice similar to those customarily used in class and collective actions.

14. Upon information and belief, the Rule 23 Class consists of more than 40 potential class members which satisfies Rule 23(a)(1).

15. The claims of the potential Class members derive from common operative facts and a common course of conduct which satisfies Rule 23(a)(2).

16. The claims of the potential Class members are based upon the same legal theory arising from a common course of conduct which satisfies Rule 23(a)(3).

17. Proposed Class Counsel is experienced in representing Class claims and prosecuting claims under the Wage Payment Statute which satisfies Rule 23(a)(4).

## IV. Factual Allegations

18. Mr. Howe worked in an ambulance for Defendant.

19. Mr. Howe began working for Defendant in March 2024.

20. Mr. Howe was paid on an hourly basis.

21. Mr. Howe was not paid for all time working in the ambulance for Defendant because Defendant had a policy of deducting a lunch time out of Mr. Howe's work hours even when Mr. Howe was working during the lunch period.

22. This unpaid work time was either regular or overtime hours.

23. Mr. Howe routinely worked over forty (40) hours in a workweek.

24. Any time Mr. Howe worked forty (40) hours, he was not paid overtime hours for work performed when a lunch time was taken out of his work time.

25. Mr. Howe was fired in November 2025 by Defendant.

26. Mr. Schutt worked in an ambulance for Defendant.

27. Mr. Schutt worked for Defendant in the last two years.

28. Mr. Schutt was paid on an hourly basis.

29. Mr. Schutt was not paid for all time working in the ambulance for Defendant because Defendant had a policy of deducting a lunch time out of Mr. Schutt's work hours even when Mr. Schutt was working during the lunch period.

30. This unpaid work time was either regular or overtime hours.

31. Mr. Schutt routinely worked over forty (40) hours in a workweek.

32. Any time Mr. Schutt worked forty (40) hours, he was not paid overtime hours for work performed when a lunch time was taken out of his work time.

33. Mr. Schutt quit his employment with Defendant during the last two years.

34. Defendant did not have a good faith reason for failing to pay Plaintiffs or the class members these regular or overtime hours.

35. Defendants willfully failed to pay Plaintiffs and the class members their overtime hours.

36. The wage claim of Mr. Howe was referred to proposed Class and Collective Action Counsel by the Attorney General's Office in conjunction with the Department of Labor on April 2, 2026.

**Count I - Collective Action**
**Failure to Properly Pay Overtime Wages**
**Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.***

37. Plaintiffs incorporate paragraphs 1 through 36 by reference herein.

38. Plaintiffs and the members of the Collective Class are or were employees of Defendants pursuant to the FLSA.

39. Defendant is an employer pursuant to the FLSA.

40. Plaintiffs and the members of the Collective Class are covered employees pursuant to enterprise coverage under the FLSA.

41. Defendant had gross revenues of at least $500,000.00 for the 2022 calendar year.

42. Defendant had gross revenues of at least $500,000.00 for the 2023 calendar year.

43. Defendant had gross revenues of at least $500,000.00 for the 2024 calendar year.

44. Defendant had gross revenues of at least $500,000 for the 2025 calendar year.

45. Plaintiffs and the members of the Collective Class have been and continue to be damaged by Defendants' violations of the FLSA.

WHEREFORE, Plaintiffs pray that the Court:

A. Enter an award for Plaintiffs and the members of the Collective Class for the overtime wages owed to them during the course of their employment with Defendant with interest as permitted by the FLSA.

B. Enter an award for liquidated damages with interest as permitted by the FLSA.

C. Enter an order awarding Plaintiffs and the members of the Collection Class all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the FLSA.

D. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

**Count II - Class Action**
**Wage Payment Statute**

46. Plaintiffs incorporate paragraphs 1 through 45 by reference herein.

47. Mr. Schutt was not paid all wages due and owing to him during his employment.

48. Plaintiff and the members of the Class have been and continue to be damaged by Defendants' violations of the Wage Payment Statute.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an award for Plaintiff and the members of the Class for the actual wages owed with interest.

B. Enter an award for liquidated damages with interest as permitted by the Wage Payment Statute.

C. Enter an order awarding Plaintiffs and the members of the Class all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the Wage Payment Statute.

D. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

**Count III – Individual Claims**
**Failure to Properly Pay Overtime Wages**
**Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.***

49. Plaintiffs incorporate paragraphs 1 through 48 by reference herein.

50. Plaintiffs were employees of Defendants pursuant to the FLSA.

51. Defendant is an employer pursuant to the FLSA.

52. Plaintiffs are covered employees pursuant to enterprise coverage under the FLSA.

53. Defendant had gross revenues of at least $500,000.00 for the 2022 calendar year.

54. Defendant had gross revenues of at least $500,000.00 for the 2023 calendar year.

55. Defendant had gross revenues of at least $500,000.00 for the 2024 calendar year.

56. Defendant had gross revenues of at least $500,000 for the 2025 calendar year.

57. Plaintiffs have been damaged by Defendants' violations of the FLSA.

WHEREFORE, Plaintiffs pray that the Court:

A. Enter an award for Plaintiffs the overtime wages owed to them during the course of their employment with Defendants with interest as permitted by the FLSA.

B. Enter an award for liquidated damages with interest as permitted by the FLSA.

C. Enter an order awarding Plaintiffs all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the FLSA.

D. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

**Count IV – Individual Claims**
**Wage Payment Statute**

58. Plaintiffs incorporate paragraphs 1 through 57 by reference herein.

59. Mr. Schutt was not paid all wages due and owing to him during his employment.

60. Mr. Schutt has been damaged by Defendant's violations of the Wage Payment Statute.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an award for Plaintiff for the actual wages owed with interest.

B. Enter an award for liquidated damages with interest as permitted by the Wage Payment Statute.

C. Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the Wage Payment Statute.

D. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

**Count V – Individual Claims**
**Wage Claims Statute**

61. Plaintiffs incorporate paragraphs 1 through 60 by reference herein.

62. Mr. Howe was not paid all wages due and owing to him during his employment.

63. Mr. Howe has been damaged by Defendant's violations of the Wage Claims Statute.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an award for Plaintiff for the actual wages owed with interest.

B. Enter an award for liquidated damages with interest as permitted by the Wage Claims Statute.

C. Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the Wage Claims Statute.

D. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## IV. Jury Demand

64. Plaintiff incorporates paragraphs 1 through 63 by reference herein.

65. Plaintiff demands a trial by jury.

Respectfully submitted,

WELDY LAW

*/s/Ronald E. Weldy*
Ronald E. Weldy, #22571-49
Class & Collective Action Counsel

Weldy Law
11268 Governors Lane
Fishers, IN 46037
Tel: (317)842-6600
E-mail: rweldy@weldylegal.com